# In the United States Court of Federal Claims

No. 22-1355C
Filed: December 19, 2022
NOT FOR PUBLICATION

---

**GEARY THOMAS DOOLY,**

       *Plaintiff*,

v.

**UNITED STATES,**

       *Defendant.*

---

*Geary Thomas Dooly*, pro se.

*Steven C. Hough*, Civil Division, U.S. Department of Justice, Washington, D.C., for the defendant.

## MEMORANDUM OPINION AND ORDER

### *HERTLING*, Judge

*Pro se* plaintiff, Geary T. Dooly, claims that a South Carolina state court and private attorneys violated his rights under the seventh amendment to the U.S. Constitution and South Carolina law by foreclosing on his home without proceeding before a jury. The plaintiff alleges that the oath of office taken by state and federal officials to uphold the Constitution creates a contract that is enforceable against the United States in the Court of Federal Claims. While the Court may hear claims for monetary damages against the United States for breach of contract by the United States, the plaintiff's claimed violations of his rights by state officials and private attorneys are not enforceable in the Court of Federal Claims as a breach of contract against the United States. The plaintiff's claims do not fall within the limited subject-matter jurisdiction of the Court of Federal Claims and must be dismissed.

### I.  BACKGROUND

In July 2012, a Complaint of Foreclosure for the plaintiff's home was filed in a South Carolina state court. (*See* Compl. at 3); *see also Deutsche Bank Nat'l Trust Co. v. Dooly*, No. 2012-CP-42-03027, available at Spartanburg County Seventh Judicial Circuit Public Index, https://publicindex.sccourts.org/spartanburg/publicindex/ (search by case number

"2012cp4203027") (last visited Dec. 16, 2022).[1]  The plaintiff replied to the foreclosure action and, citing the seventh amendment of the U.S. Constitution, the South Carolina State Constitution, Federal Rule of Civil Procedure ("FRCP") 38(a), and South Carolina Rule of Civil Procedure ("SCRCP") 38(a), requested a jury trial.  (Compl. at 3-4.)  The state judge and the opposing parties' attorneys denied and/or ignored the plaintiff's jury demand.  (*Id.* at 4-5.)  The plaintiff sought emergency injunctive relief from the U.S. District Court for the District of South Carolina, which denied his request.  (*Id.* at 5); *see also* Order, *Dooly v. Sears*, No. 7:22-cv-01734 (D.S.C. Oct. 4, 2022).  The state court denied numerous motions filed by the plaintiff and ultimately approved the foreclosure.  (Compl. at 5.)

The plaintiff filed his complaint here on September 21, 2022.  He alleges that the South Carolina court, "colluding with the plaintiff attorneys [in the state foreclosure action]," breached a "unilateral contract with the United States: the Constitution of the United States."  (*Id.*)  The plaintiff "demands the United States honors and upholds the authority of the Constitution of the United States contract."  (*Id.* at 6.)  The plaintiff seeks the return of his home, restitution, and $5 million in punitive damages against the "licensed agents as U.S. Employees of the State of South Carolina."  (*Id.*)

The defendant moves to dismiss the complaint pursuant to Rule 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").  The plaintiff filed an opposition to the motion to dismiss.

## II.   STANDARD OF REVIEW

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte.  In deciding whether there is subject-matter jurisdiction, the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings."  *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (cleaned up).  "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up).  "Despite this leniency, a court may not 'take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only.'  The plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence."  *Jaye v. United States*, 781 F. App'x 994, 996 (Fed. Cir. 2019) *(quoting Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

---

[1] At this stage, the facts alleged in the complaint are assumed to be true.  *Reynolds v. Army & Air Force Esxch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988).  Additionally, the Court takes judicial notice of related proceedings in the state case, *Deutsche Bank Nat'l Trust Co. v. Dooly*, No. 2012-CP-42-03027, and the federal case, *Dooly v. Sears*, No. 7:22-cv-1734 (D.S.C. 2022), both referenced by the plaintiff in his complaint.  (ECF 1, at 3, 5); *see also Taylor-Tillotson v. United States*, 601 F. App'x 934, 936 (Fed. Cir. 2015) (allowing judicial notice under Federal Rule of Evidence 201 on a motion to dismiss for lack of subject-matter jurisdiction).

**III.     JURISDICTION**

The Tucker Act sets forth the jurisdiction of the Court of Federal Claims.  This court may entertain "any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1) (emphasis added).  The Tucker Act, however, "does not create any substantive right enforceable against the United States for money damages."  *United States v. Testan*, 424 U.S. 392, 398 (1976)).

Because the Tucker Act is only a jurisdictional statute and does not create a substantive right, a plaintiff must identify a "separate source of substantive law that creates the right to money damages."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).  Such a money-mandating source of law must give the plaintiff the right to recover damages against the federal government.  *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).  If a plaintiff does not raise a constitutional, statutory, or regulatory money-mandating claim or a breach of contract claim against the United States, and the plaintiff's claim does not otherwise fall within the limited jurisdiction of the Court of Federal Claims, the claim must be dismissed for lack of subject-matter jurisdiction under RCFC 12(h)(3).

The plaintiff alleges that South Carolina state court officials impermissibly denied his request for a jury trial in the foreclosure action against his property.  The plaintiff's claims present two threshold jurisdictional issues: (1) whether the suit is properly against the United States, and (2) whether the plaintiff has identified a money-mandating source of substantive law.

**A.     The Proper Defendant(s)**

The Court of Federal Claims has jurisdiction only if the plaintiff sues the United States. *See* 28 U.S.C. § 1491(a)(1) (giving this court jurisdiction only over "claim[s] against the United States").  The plaintiff alleges wrongdoing only by South Carolina court officials and private attorneys.  (Compl. at 5; Pl.'s Resp. at 1 (citing the acts of "U.S. Judges, Attorneys, and Clerks of Court" found within the state court's files).)

"'[T]his Court, like all lower federal courts, lacks authority to review a state court's judgment, nor does it have the authority to remedy injuries that are caused by a state court's order.'"  *Smith v. United States*, 141 Fed. Cl. 241, 243 (2019) (quoting *Potter v. United States*, 108 Fed. Cl. 544, 547-48 (2013)).  Claims against state actors or private parties are not claims "against the United States" under the Tucker Act.  *See Machulas v. United States*, 621 F. App'x 629, 631-32 (Fed. Cir. 2015); *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307-08 (Fed. Cir. 2007).

While the plaintiff's complaint labels the actors involved as "the licensed agents as U.S. Employees of the State of South Carolina," that label does not control.  (Compl. at 6.)  The substance of the pleadings—not merely the form—must show that the plaintiff's claim is against the United States.  *See Cooper v. United States*, 771 F. App'x 997, 1000 (Fed. Cir. 2019).  The plaintiff's allegations focus exclusively on the actions of South Carolina court officials and

attorneys involved in the foreclosure case.  (Compl. at 5-6; Pl.'s Resp. at 1.)  Accordingly, the plaintiff's claims are not against the United States for acts committed by its employees, but against South Carolina court officials and private parties.  With no wrongful act being alleged against the United States or its employees, the Court lacks subject-matter jurisdiction over the plaintiff's claims.

### B. Plaintiff's Cited Substantive Law

The plaintiff's claims must arise from a money-mandating substantive law.  The plaintiff cites in his complaint seven sources of law for his claims: (1) the "Constitution of the United States contract"; (2) the seventh amendment; (3) provisions of articles I, III, and VI of the Constitution; (4) FRCP 38(a), SCRCP 38(a), and 28 U.S.C. § 2106; (5) Federalist Paper 81; (6) 5 U.S.C. §§ 3333 and 7311; and (7) 18 U.S.C. §§ 241-42.  All, either individually or in concert, are inadequate to allow the plaintiff to maintain an action in this court.

First, the Constitution is not a contract.  *See Kaetz v. United States*, 159 Fed. Cl. 378, 381-82 (2022).

Second, claims arising under the seventh amendment are not money-mandating.  *See Abbas v. United States*, 124 Fed. Cl. 46, 55-56 (2015) (citing *Jaffer v. United States*, No. 95–5127, 1995 WL 592017, at *2 (Fed. Cir. Oct. 6, 1995)).  In addition, the Supreme Court has held that the seventh amendment does not apply to state court proceedings.  *Minneapolis & St. L.R. Co. v. Bombolis*, 241 U.S. 211 (1916)

Third, the plaintiff cites article I, section 8, clauses 6, 9, 10 and 17; sections 1, 2, and 3 of article III; and article VI of the Constitution.  (Compl. at 3.)  Given their subject-matter, none of those provisions can be fairly interpreted as money-mandating.

Fourth, FRCP 38(a) and SCRCP 38(a) are procedural, rather than substantive, in nature.  Further, FRCP 38(a) cannot be violated in a state court, and SCRCP 38(a) cannot be the basis of recovery in this court.  *See Souders*, 497 F.3d at 1307 (ruling that state law claims are "outside the scope of the limited jurisdiction of the Court of Federal Claims").  28 U.S.C. § 2106 adds nothing in relation to these rules as it concerns the authority of the Supreme Court and the courts of appeal over decisions appealed to those courts.

Fifth, Federalist Paper 81 is not a law, let alone a money-mandating statute or regulation.

Sixth, while 5 U.S.C. §§ 3333 and 7311 are statutory provisions, they govern federal employment and do not contain any provisions that could reasonably be construed as money-mandating.

Seventh, and finally, 18 U.S.C. §§ 241-42 are criminal provisions beyond the jurisdiction of the Court of Federal Claims and are not money-mandating.  *Canuto v. United States*, 651 F. App'x 996, 997-98 (Fed. Cir. 2016) (holding that 18 U.S.C. § 242 is not money-mandating and noting "the general rule that the Tucker Act does not grant the Court of Federal Claims jurisdiction to enforce the federal criminal code"); *Johnson v. United States*, 411 F. App'x 303, 304-05 (Fed. Cir. 2010) (affirming the dismissal of a complaint for lack of subject-matter

jurisdiction that relied on 18 U.S.C. § 241 and noting the Court of Federal Claims' lack of jurisdiction over any criminal matters).

In addition to the sources of law contained in his complaint, the plaintiff's brief in opposition to the motion to dismiss references: (1) the Declaration of Independence; (2) the Articles of Confederation; (3) the Northwest Ordinance; (4) the Treaty of Paris 1783; (5) the Flag Code under Title 4 of the U.S. Code and related executive orders; (6) various sections of American Jurisprudence 2d; (7) the so-called "Clearfield Doctrine"; (8) "executive order 100, Lieber Code, Article 13"; (9) article I, section 10, clause 1; (10) article II, section 4 of the Constitution; and (11) various criminal provisions from Title 18 Chapter 81: Piracy and Privateering and Chapter 115: Treason, Sedition, and Subversive Activities. (Pl.'s Resp. at 2-5.) Most of these referenced materials are not substantive law, several are criminal provisions outside the Court's jurisdiction, and none of these referenced materials provide for damages for anything remotely related to the plaintiff's complaint. Further, other than the Articles of Confederation, none of these references are included in the complaint.

In sum, the plaintiff has failed to set forth a money-mandating source of substantive law as the basis for his claims.

Finally, to the extent raised by the plaintiff, the Court of Federal Claims does not have jurisdiction over tort claims, including claims for punitive damages. *See Sin Hang Lee v. United States*, 142 Fed. Cl. 722, 727-28 (2019) (citing *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008)); *Kogan v. United States*, 112 Fed. Cl. 253, 267 (2013). The Court also generally lacks the authority to entertain claims seeking equitable relief, such as the return of property. ; *Dwen v. United States*, 62 Fed. Cl. 76, 80-81 (2004) (citing *Bobula v. United States Dep't of Justice*, 970 F.2d 854, 859 (Fed. Cir.1992) ("While limited equitable relief is sometimes available in Tucker Act suits, the equitable relief must be incidental to and collateral to a claim for money damages.")).

Accordingly, the plaintiff's claims must be dismissed for lack of subject-matter jurisdiction because they are neither due to the acts of the United States nor based on a money-mandating source of substantive federal law.

### IV.   CONCLUSION

The defendant's motion to dismiss for lack of subject-matter jurisdiction under RCFC 12(b)(1) and 12(h)(3) is **GRANTED**, and the complaint is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**